UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHY LOCKARD<br>7 West County Line Road<br>Hatboro, PA 19040<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SERVICE CORPORTATION<br>2241 Providence Avenue<br>Chester, PA 19013<br><br>Defendant. | JURY TRIAL DEMANDED<br><br><br>CASE NO. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Cathy Lockard (hereinafter "Plaintiff" or "Lockard"), is an adult individual residing at 7 West County Line Road, Hatboro, Montgomery County, Pennsylvania.

2. Defendant, American Service Corporation (hereinafter "ASC") is, upon information and belief, a corporation, organized and existing under the laws of the State of Delaware, registered to do business in Pennsylvania, with a principal place of business at 2241 Providence Avenue, Chester, Delaware County, Pennsylvania.

3. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4. Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and Pennsylvania Human Relations Act as more than one year has elapsed since the filing of Ms. Lockard's charge of discrimination. (See Exhibit "A," a true and

correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission).

5. This action is instituted pursuant to the Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA") the Pennsylvania Human Relations Act, and applicable federal and state law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

7. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II. Operative Facts.**

8. On or about July 31, 2008, ASC, hired Ms. Lockard to work as a Site Manager at The Shipley School.

9. At the time of her hiring, Ms. Lockard was forty-eight (48) years old.

10. Throughout her employment with ASC, Ms. Lockard was qualified for her position with Defendant and performed her duties with minimal complaint and issue.

11. At all times relevant hereto, Ms. Lockard was the only female working for ASC at The Shipley School and, upon information and belief, was the oldest employee of ASC working at The Shipley School.

12. On or about April 7, 2020, Ms. Lockard received a letter from ASC, signed by Jennifer McCaul, Defendant's Office Manager, stating that Ms. Lockard's position with ASC

was eliminated due the closure of The Shipley School. A true and correct copy of the letter is attached hereto as Exhibit "B."

13. The letter further stated that ASC intends to rehire everyone when The Shipley School reopened. *See* Exhibit "B."

14. Despite expecting to be called to work as the letter stated, Ms. Lockard never was notified that she was able to return to work.

15. In or about June 2020, Ms. Lockard was informed that all other ASC employees were recalled to work at The Shipley School, except for Ms. Lockard; Defendant further confirmed this information during the EEOC's investigation of Defendant.

16. After hearing this news, Ms. Lockard sent American Services Corporation a letter inquiring when she would be returning to work but received no response.

17. Ms. Lockard later learned that her position of site manager was filled by Zuoman Kieta, Ms. Lockard's direct report who is both male and younger than Ms. Lockard.

18. Defendant never recalled Ms. Lockard to work at The Shipley School or any location serviced by Defendant.

19. Based on Defendant's actions/inaction, it was clear that Ms. Lockard's employment was terminated by Defendant.

20. At the time of her termination of employment, Ms. Lockard was sixty (60) years of age.

21. Ms. Lockard was never provided a reason why Defendant never recalled her to work.

22. Upon information and belief, Defendant chose to replace Ms. Lockard with a younger male despite Ms. Lockard's dedication and service to Defendant, without just cause, and in violation of the ADEA and Title VII of the Civil Rights Act.

23. As a direct and proximate result of Defendant's conduct in terminating Plaintiff's employment, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

## COUNT I
## VIOLATION OF AGE DISCRIMIATION IN EMPLOYMENT ACT
**(29 U.S.C.A. § 621 *et seq.*)**

24. Plaintiff incorporates paragraphs 1-23 as if fully set forth at length herein.

25. Defendant took adverse action against Plaintiff by discriminating against her as set forth above and terminating her employment.

26. Plaintiff's status as a sixty-year-old places her in a protected class.

27. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to discriminate against Ms. Lockard and terminate her employment.

28. As such, Defendant's decision to discriminate against Ms. Lockard and to terminate her employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

29. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

30. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

31.     Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Plaintiff demands attorneys' fees and court costs.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## SEX DISCRIMINATION
## (42 U.S.C.A. § 2000e-2(a))

32.     Plaintiff incorporates paragraphs 1-31 as if fully set forth at length herein.

33.     Defendant took adverse action against Plaintiff by discriminating against her and terminating her employment.

34.     Plaintiff's status as a female places her in a protected class.

35.     Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to discriminate against Plaintiff and terminate her employment.

36.     As such, Defendant's decision to discriminate and to terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

37.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Lockard has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

38.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

39.     Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Plaintiff demands attorneys' fees and court costs.

**COUNT III**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**AGE DISCRIMINATION**
**(43 P.S. § 955)**

40. Plaintiff incorporates paragraphs 1-39 as if fully set forth at length herein.

41. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not discriminate against an employee based on age.

42. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

43. Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

44. Defendant's conduct in discriminating against Plaintiff terminating Plaintiff's employment are adverse employment actions, were taken as a result of her age and constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

45. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

46. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

**COUNT IV**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**SEX DISCRIMINATION**
**(43 P.S. § 955)**

47. Plaintiff incorporates paragraphs 1-46 as if fully set forth at length herein.

48. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not discriminate against an employee based on sex.

49. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

50. Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

51. Defendant's conduct in discriminating against Plaintiff terminating Plaintiff's employment are adverse employment actions, were taken as a result of her sex and constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

52. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

53. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

**WHEREFORE,** Plaintiff, Cathy Lockard, seeks damages in excess of $150,000.00 and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost

benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
**ROBERT H. GRAFF, ESQUIRE** (PA I.D. 206233)
600 N. Jackson Street, Suite 201
Media, PA 19063
Ph: 267-546-0138
Fx: 215-944-6124
*Attorney for Plaintiff, Cathy Lockard*

Date: 08/16/2021

# EXHIBIT "A"

EEOC Form 161 (11/2020)   **U.S. E<small>QUAL</small> E<small>MPLOYMENT</small> O<small>PPORTUNITY</small> C<small>OMMISSION</small>**

## D<small>ISMISSAL AND</small> N<small>OTICE OF</small> R<small>IGHTS</small>

| To: | Cathy Lockard<br>7 West County Line Road<br>Hatboro, PA 19040 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-05382 | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9700** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature: Dana R. Hutter]*

June 16, 2021

Enclosures(s)

**Dana R. Hutter,**
**Deputy Director**

*(Date Issued)*

# EXHIBIT "B"



**The Janitorial Service Professionals**

April 7, 2020

Ms. Cathy Lockard
7 W. Countyline Rd.
Hatboro, PA 19040

Dear Cathy,

    This letter is to inform you that, effective March 20, 2020, your position with the company as a janitorial worker at The Shipley School was eliminated due to the closures resulting from the Corona Virus. As discussed, you will receive severance pay until April 3, 2020.

    I understand that this is difficult news. This decision was made after a long and careful review of the options and the knowledge that many good people would be affected. American Services Corporation is holding positions and anticipates rehiring everyone when client locations reopen.

Sincerely,

Jennifer McCaul

The ASC Building | 2241 Providence Avenue | Chester, PA 19013
(610) 874-7400 | (800) 438-3300 | FAX: (610) 874-7775
www.ASCclean.com